IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE TRAMONTANA,

    Petitioner,               No. 2:10-cv-2631 GEB KJN P

    vs.

G. SWARTHOUT,                ORDER AND

    Respondent.           FINDINGS AND RECOMMENDATIONS

/

    Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order filed January 20, 2011, respondent was granted an additional thirty days in which to file a response to the petition. On January 24, 2011, the United States Supreme Court issued an opinion prompting review of the instant action. Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, (Jan. 24, 2011).

    In the instant petition, petitioner claims that his federal constitutional right to due process was violated by a 2009 decision of the California Board of Parole Hearings (hereafter "the Board") to deny him a parole date.

    Under Rule 4 of the Rules Governing Section 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief in this court.

1        The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

         A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest."  Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

         California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause.  Swarthout, 2011 WL 197627, at *2.  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).  However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement."  Swarthout, 2011 WL 197627, at *3.  In other words, the Court specifically

2

1  rejected the notion that there can be a valid claim under the Fourteenth Amendment for

2  insufficiency of evidence presented at a parole proceeding. Id. at *3.  Rather, the protection

3  afforded by the federal due process clause to California parole decisions consists solely of the

4  "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be

5  heard and . . . a statement of the reasons why parole was denied." Swarthout, at *2-3.

6          Here, petitioner challenges the fact that he was denied parole in 2009.[1]  He asserts

7  the evidence presented at his parole hearing is not sufficient under the Due Process Clause of the

8  Fourteenth Amendment to sustain his being denied parole.  Because petitioner fails to allege that

9  he was denied any of the process due under the Fourteenth Amendment at his 2009 parole

10 hearing, his petition for writ of habeas corpus must be denied.

11         In light of these findings and recommendations, the October 18, 2010 order

12 directing respondent to file a response to the petition is vacated.  Respondent is relieved of his

13 obligation to respond to the petition.

14         IT IS HEREBY ORDERED that the October 18, 2010 order (dkt. no. 8) is

15 vacated; and

16         IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas

17 corpus be denied.

18         These findings and recommendations are submitted to the United States District

19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

20 one days after being served with these findings and recommendations, any party may file written

21 objections with the court and serve a copy on all parties.  Such a document should be captioned

22 "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

---

[1] Petitioner also mentions parole hearings held in 2004 and 2007.  (Dkt. No. 1 at 6.)  However, petitioner challenged the 2009 parole hearing in state court.  (Dkt. No. 1 at 12.)  Moreover, petitioner fails to allege that he was denied any of the process due under the Fourteenth Amendment at the 2004 or 2007 parole hearings.  Therefore, even assuming, arguendo, the petition also challenges the 2004 or 2007 hearings, petitioner's claims fail under Swarthout, at *2-3.

1 objections, he shall also address whether a certificate of appealability should issue and, if so, why
2 and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if
3 the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.
4 § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after
5 service of the objections.  The parties are advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
7 F.2d 1153 (9th Cir. 1991).

DATED:  February 2, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tram2631.157